Filed 10/10/14  Breeden v. Superior Court CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| PERCY ALLEN BREEDEN, as Trustee, etc., | |
| Petitioners, | E061553 |
| | (Super.Ct.No. CIVDS1301562) |
| v. | OPINION |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | |
| Respondent; | |
| DALE G. DAVIS, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Donna G. Garza, Judge.  Petition granted.

Greines, Martin, Stein & Richland, Robert A. Olson, Alana H. Rotter; Law Offices of Vivian L. Schwartz, Kevin B. Bevins; Early, Maslach & Hartsuyker, James Grafton Randall for Petitioners.

1

No appearance for Respondent.

Mansell & Mansell, Paul D. Fitzgerald for Real Party in Interest.

In this matter we have reviewed the petition and the opposition filed by real party in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

## DISCUSSION

Real party in interest is employed as an animal control officer. While performing the duty of taking allegedly dangerous dogs into custody, he was bitten. Although we agree that he is not a "peace officer" within the meaning of Civil Code section 1714.9 (see Pen. Code, § 830.9), the so-called "firefighter's rule" of common law extends beyond the category of "peace officer" and is simply a variant of the doctrine of "assumption of the risk." Real party in interest's situation falls squarely within the general category of "occupational assumption of the risk." (See *Priebe v. Nelson* (2006) 39 Cal.4th 1112, 1119 [involving a dog kennel worker].) It has been explained that in terms of duty, "it may be said there is none owed the fireman to exercise care so as not to require the special services for which he is trained and paid." (*Walters v. Sloan* (1977) 20 Cal.3d 199, 205, cited in *Calatayud v. State of California* (1998) 18 Cal.4th 1057, 1061.)

It is common knowledge that an animal control officer must regularly deal with animals that are vicious by nature, or become so due to illness, injury, or fear. He or she

2

is, or should be, trained and compensated to encounter those risks, although enhanced compensation is not required for the rule to apply. (*City of Oceanside v. Superior Court* (2000) 81 Cal.App.4th 269, 284.) Hence, the doctrine of primary assumption of the risk applies here.

We recognize that the firefighter's rule even as applicable to non-peace officers outside the express scope of Civil Code section 1714.9 is subject to an exception where the defendant commits separate and independent acts of misconduct after the plaintiff arrives. (*City of Oceanside v. Superior Court*, *supra,* 81 Cal.App.4th at pp. 275-276.) But while this exception might apply to negligent acts of the dogs' owner after real party in interest arrived to collect the dogs, it has no application to petitioners, the landlord of the premises.

## DISPOSITION

Accordingly, the petition for writ of mandate is granted. Let a peremptory writ of mandate issue, directing the Superior Court of San Bernardino County to vacate its order denying petitioners' motion for summary judgment and to enter a new order granting said motion.

Petitioners are directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.  Petitioners to recover their costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON<br>
J.

We concur:


RAMIREZ
    P. J.


MILLER
    J.